# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 23, 2013

## STATE OF TENNESSEE v. LAVARIO DEVON KIBBLE

**Direct Appeal from the Circuit Court for Bedford County**
**No. 17302     Lee Russell, Judge**

---

**No. M2012-00775-CCA-R3-CD     Filed October 17, 2013**

---

Defendant, Lavario Devon Kibble, entered guilty pleas to reckless endangerment and aggravated assault pursuant to a negotiated plea agreement. Under the agreement he received consecutive sentences of one year for reckless endangerment and four years for aggravated assault. The manner of service of the effective sentence of five years was left to determination by the trial court after a sentencing hearing. The trial court ordered the sentences to be served totally by incarceration. Defendant appeals, arguing that the trial court should have ordered an alternative sentence of either split confinement or periodic confinement. After a thorough review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J. and NORMA MCGEE OGLE, J., joined.

Robert L. Marlow, Shelbyville, Tennessee, for the appellant, Lavario Devon Kibble.

Robert E. Cooper, Jr., Attorney General and Reporter; Michelle Consiglio-Young, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; Michael Randles, Assistant District Attorney General; and Richard Cawley, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

At the guilty plea submission hearing, the prosecutor provided a summary of the State's evidence to support the guilty pleas. The following transpired.

[PROSECUTOR]:    On June the 25th, 2011, Ms. Julie Price and her son, [], and a passenger, Trent Ransom, were returning from Taco Bell, on 321 here in Shelbyville, to 202 Scottland Heights. And on the way back to 202 Scottland Heights, [Defendant's] car approached them. He forced them to pull over with his car. I think he actually made contact with her car in doing so.

                    He then pulled Ms. Price from the vehicle, kicked her and struck her with a tire iron. And she was taken to the hospital, however, she did not suffer any - - she had to have stitches, but no serious bodily injury.

THE COURT:    Okay. All right. So the agg assault is the tire iron and the reckless endangerment is with the vehicle?

[PROSECUTOR]:    Yes, Your Honor.

BY THE COURT:

Q.    Okay. Did you hear what the General says you did?

[DEFENDANT]:    Yes, sir.

Q.    Okay. Do you agree you did those things?

A.    Yes, sir.

At the sentencing hearing, the State also presented the pre-sentence report which was admitted as an exhibit. Defendant, in his testimony, admitted that all of the information in the report was "true and accurate." The State did not call any witnesses to testify. Defendant testified, and called the victim as a witness.

Defendant was thirty-one years old at the time of the offenses. He had been "staying together" with the victim, and they had a child together. This child was three years old at the time of the offenses and was in the car with the victim when she was attacked by Defendant. Defendant claimed that the incident was a result of his having "a fit of rage or jealousy" because the victim was with another man.

Defendant admitted to having a history of violence and having criminal convictions that involved violence. He claimed that he voluntarily attended and successfully completed an anger management class shortly after the incident with the victim. At the time of the sentencing hearing, Defendant was employed full time as a cook at a restaurant where his mother and father were also employed. He said that he and the victim had reconciled their differences , though he had moved to Fayetteville, and the victim and her children remained in Shelbyville. The victim had one child by Defendant, but also three other children aged five, nine, and fifteen. Defendant testified that he paid the victim money to support her and all four of the children.

Defendant admitted that he had been previously placed on probation and that it had been revoked, but he could not recall why it was revoked. However, Defendant assured the trial court he would never do anything to violate the conditions of probation if granted an alternative sentence in this case. Defendant admitted that he drank beer on occasion and had smoked marijuana in the past on a regular basis, but had quit using marijuana when he was seeking "another job and stuff." Defendant denied that he was under the influence of drugs or alcohol at the time of the crimes in this case.

The victim accompanied Defendant to court for the sentencing hearing. She testified that she received four staples on her head as the result of Defendant striking her with the tire iron. She was afraid of Defendant at the time, but testified she was no longer afraid of him. She had regular communication with Defendant about their minor child. She stated that although Defendant did not pay a set amount of child support, he always paid for anything she needed for any of her four children. She testified that it would hurt their minor child if Defendant was ordered to serve his entire sentence by incarceration. The victim added that she had no fear that Defendant would ever attack her again and that she believed Defendant could conform himself to the requirements of society if he received a sentence involving probation. The victim explicitly stated that she wanted Defendant to be on probation and not serve any of his sentence in jail.

In response to questioning by the trial court, the victim stated that her three-year-old child by Defendant was in her vehicle when Defendant rammed it twice with his vehicle. She also admitted that the three-year-old child saw Defendant hit her on the head with the tire iron. She acknowledged that the only provocation for Defendant to commit the criminal acts was the fact she was in her car with another man.

According to the pre-sentence report, Defendant's prior criminal record included a conviction for misdemeanor failure to appear, four convictions for driving on a revoked license, a conviction for misdemeanor reckless endangerment, one conviction for pubic

intoxication, two convictions for misdemeanor drug possession, one conviction for DUI, and numerous findings of delinquency in Juvenile Court at ages 16 and 17.

In announcing the sentencing decision, the trial court stated, "I do find that in a very profound way the presumption in favor of alternative sentencing has been overcome here." The trial court explicitly concluded that Defendant's prior record and history of violating conditions of probation previously granted showed "virtually no potential for rehabilitation without incarceration and that the risk of re-offending would be tremendously high in this particular case."

In *State v. Caudle*, 388 S.W.3d 273 (Tenn. 2012), our supreme court said,

> [W]e now explicitly hold that the abuse of discretion standard, accompanied by a presumption of reasonableness applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence.

*Id.*, at 278-79.

A defendant is eligible for probation if the sentence imposed is ten years or less and the offense for which the defendant is sentenced is not specifically excluded by statute. Tenn. Code Ann. § 40-35-303(a) (2010). Defendant concedes he is not an appropriate candidate to be sentenced to community corrections, and he does not seek full probation. He asserts though that he should have been sentenced to serve the effective sentence of five years as an alternative sentence of either split confinement or periodic confinement. *See* Tenn. Code Ann. §§ 40-35-306 and 40-35-307 (2010). Defendant is not presumed to be a favorable candidate for alternative sentencing. *See State v. Carter*, 254 S.W.3d 335, 347 (Tenn. 2008). Instead, Defendant can only be *considered* a favorable candidate for alternative sentencing if he or she does not possess a criminal history showing a clear disregard for society's laws and morals, he or she has not failed past efforts at rehabilitation, and he or she is being sentenced for an eligible Class C, D, or E felony. Tenn. Code Ann. § 40-35-102(5),(6). Further, if confinement is necessary to protect society from a defendant who has a long history of criminal conduct, or measures less restrictive than confinement have recently or frequently been applied unsuccessfully to the defendant, then this weighs to remove the defendant's statutory entitlement to be even considered a favorable candidate for alternative sentencing. Tenn. Code Ann. § 40-35-103.

Defendant's extensive prior record of convictions is set forth above. While the record reflects clear evidence of only one violation of probation as an adult offender about four years prior to the sentencing hearing in this case, on direct examination at the sentencing

hearing Defendant could not remember why his probation was violated. This testimony is certainly not the sole reason that the trial court did not err by denying any alternative sentence. However, it sends a strong message that Defendant is an extremely poor candidate for rehabilitation with any sentence other than incarceration.

Reviewing the trial court's decision regarding the manner of service of the sentence under the standard of abuse of discretion with a presumption of reasonableness, we conclude that Defendant is not entitled to relief in this appeal. Accordingly, the judgment of the trial court is affirmed.

_____

THOMAS T. WOODALL, JUDGE